# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GILBERT GIBBS, # 310639              *
a/k/a Warren Ivory
Petitioner                                      *

v.                                              *           Civil Action Case No. JKB-11-2273

STATE OF MARYLAND               *
Respondent

## MEMORANDUM

Respondent, through counsel, requests dismissal of Gilbert Gibbs's petition for writ of habeas corpus for failure to exhaust state court remedies. 28 U.S.C. § 2254(b). The court will grant Gibbs twenty-eight days to reply.

## I. Exhaustion

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254 (b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, the claim must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must

file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

## II. Background

In his federal petition, Gibbs is challenging his convictions in 2002 after a jury trial in the Circuit Court for Baltimore City for attempted second-degree murder, first-degree assault, second-degree assault, burglary, and related weapons offenses. He was sentenced by the court to serve 50 years in prison. Resp. Exhibit 3, p. 1.[1] In his federal habeas petition, Gibbs acknowledges that he has yet to exhaust his state court remedies, but argues his failure to do so should be excused due to the post-conviction court's delay in ruling on his petition.

The procedural background of this case is as follows. On appeal to the Court of Special Appeals of Maryland, Gibbs raised four questions for the court's review: 1) whether the trial court erred in denying appellant's motion to dismiss on *Hicks*[2] grounds; 2) whether the trial court abused its discretion in refusing to permit appellant to waive his right to a jury trial and in scheduling a jury trial automatically when appellant was unsure what to elect; 3) whether the trial court committed plain error in posing voir dire questions to the venire that made the potential jurors, rather than the trial judge, the final arbiter of impartiality, thereby preventing appellant from exercising meaningful challenges for cause; and 4) whether the trial court erred in imposing separate sentences for attempted second-degree murder and first-degree assault, when both convictions were based on the same criminal act or acts. Resp. Exhibit, 2, p. 2.

By unreported opinion filed on August 23, 2004, the Court of Special Appeals merged Gibbs's

---

[1] On January 15, 2003, Gibbs filed a motion for modification or reduction of sentence. Resp. Exhibit 1 at 6. The docket entries do not show that this motion was ruled upon by the trial court. Resp. Exhibit 1.

[2] *State v. Hicks*, 285 Md. 310, 316, *on mot. for recons.*, 285 Md. 334 (1979) (interpreting Maryland rule mandating time period within which defendant must be tried).

2

conviction for first-degree assault into his conviction for attempted murder, but otherwise affirmed his judgment of conviction. Resp. Exhibit 3. Gibbs then filed a pro se petition for a writ of certiorari, asking the Court of Appeals of Maryland to review whether he was entitled to relief on the *Hicks* issue. Resp. Exhibit 4. The Court of Appeals of Maryland denied Gibbs's request for further review on February 11, 2005. Resp. Exhibit 5. Gibbs did not seek further review in the United States Supreme Court.

On January 11, 2007, Gibbs initiated post-conviction proceedings in the Circuit Court for Baltimore City. Exhibit 1, p. 9. These proceedings were withdrawn at Gibbs's request on July 10, 2007. *Id.* at 10. On December 17, 2007, Gibbs filed a petition for post-conviction relief, raising the following claims: 1) the trial court improperly granted a postponement; 2) counsel provided ineffective assistance; and 3) the prosecutor engaged in misconduct. *Id.; see also* Petition, ECF No. 1, p. 6.

In January of 2010, the post-conviction matter was reassigned to a different judge. Resp. Exhibit 1 at 10. On February 8, 2011, Gibbs filed an amended pleading in support of his post-conviction petition. *Id.* p. 11. On February 17, 2011, the Circuit Court for Baltimore City conducted a post-conviction hearing on the claims raised in Gibbs's petition. *Id.* The matter is pending in the circuit court. *Id.; see also* ECF No. 4 at 18.

**III. Discussion**

The record demonstrates that Gibbs has not pursued state post-conviction proceedings to completion. Resp. Exhibit 1; Petition. Further, Gibbs asserts the claims at issue in his currently pending state post-conviction proceedings are directly relevant to the claims raised in his underlying petition in this case. Petition. He further indicates that grounds raised in his federal habeas petition

are being asserted for the first time. Supplement, ECF No. 4, p. 27. Under these circumstances, he has yet to exhaust available state remedies.

Gibbs asks to be excused from exhaustion requirements because his post-conviction proceedings have been delayed too long by the state courts. ECF Nos. 1 & 4. Gibbs's primary concern appears to be that the post-conviction court did not render a decision within two months after completing the post-conviction hearing on February 17, 2011. Petition, pp. 4, 14, 19-20, 34. It is unclear why Gibbs believes a decision must be issued within this time frame. This court is unaware of any legal grounds for this position and Gibbs provides none.

Respondent does not waive the exhaustion requirement. Resp. Memo, p. 10. In the absence of a valid excuse, a habeas petitioner must first fully present his claims to the state courts. 28 U.S.C. § 2254(b)(1)(B) (providing exhaustion may be waived if a petitioner can show "there is an absence of available State correction process or ... circumstances exist that render such process ineffective to protect the rights of the applicant"). Excuse of the exhaustion requirement is necessary, however, only when the state remedies are proven to be ineffective to protect a petitioner's rights. *See Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3rd Cir. 1986); *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002 (4th Cir. 1995) (unpublished) (noting "state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings"). The relevant inquiry is whether the delay amounts to a violation of the petitioner's right to due process. *See United States v. Brown*, 292 F. App'x 250, 252 (4th Cir. 2008) (unpublished) (citing *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984)); *Ward v. Freeman*, 1995 WL 47991, at *1 (concluding that a fifteen-year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective); *see also Lee v. Stickman*, 357 F.3d 338, 342 (3rd Cir. 2004) (exhaustion excused as futile when post-conviction relief was pending in state court for eight years); *Mathis v. Hood*, 851

4

F.2d 612, 615 (2d Cir. 1988) (six-year delay in direct appeal excused exhaustion of state remedies); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987) (five and one-half year delay violated speedy trial and due process guarantees and excused failure to exhaust).

To determine whether a delay amounts to a due process violation, the Fourth Circuit has adopted the four-factor speedy trial analysis first announced in *Barker v. Wingo*, 407 U.S. 514 (1972). *See Johnson*, 732 F.2d at 382. These factors include: 1) the length of delay; 2) the reason for delay; 3) petitioner's assertions of his rights; and 4) any prejudice from the delay. *Id.* at 381-82. In support of dismissal, respondent argues that the record shows that following the filing of Gibbs's second post-conviction petition in 2007, the post-conviction case needed to be transferred to another judge. Exhibit 1, p. 10. Gibbs later filed an amended petition for post-conviction relief on February 8, 2011, and the hearing on Gibbs's post-conviction claims was held on February 17, 2011. *Id.* p. 11. Respondent further argues that principles of comity and judicial economy favor state disposition of Gibbs's claims prior to federal review. The state post-conviction proceeding is now ripe for disposition. Resp. Exhibit 1.

The court is mindful that Gibbs is a self-represented litigant and will grant him twenty-eight days to reply to respondent's request for dismissal for lack of exhaustion. Failure to timely comply may result in dismissal of this petition without prejudice for lack of exhaustion. A separate order follows.

1/4/12
Date

James K. Bredar
United States District Judge

5