FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN -2  P 3: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GILBERT GIBBS, # 310639 a/k/a Warren Ivory<br>Petitioner | * | |
| v | * | Civil Action Case No. JKB-11-2273 |
| STATE OF MARYLAND<br>Respondent | * | |

## MEMORANDUM

Before the court is Gilbert Gibbs's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his convictions in 2002, after a jury trial in the Circuit Court for Baltimore City, for attempted second-degree murder, first-degree assault, second-degree assault, burglary, and related weapons offenses. Respondent, through counsel, filed a limited response seeking dismissal of the petition for failure to exhaust claims. As set forth below, the court will grant Gibbs's Motion to Expand the Record (ECF No. 12) as to his prosecutorial misconduct and ineffective assistance of trial counsel claims.[1] Respondent shall file a response thirty days thereafter which shall include discussion of the merits of each claim.

Gibbs's petition as supplemented presents the following claims: 1) he is unlawfully in custody due to alleged delay by the state court in adjudicating his petition for post-conviction relief;[2] ECF No. 1 at 1; ECF No. 4 at 24; 2) prosecutorial misconduct at trial; ECF No. 1 at 1, ECF No. 4 at 25 and 27; and 3) ineffective assistance of trial counsel.[3] ECF No. 1 at 13.

---

[1] Gibbs's requests for appointment of counsel and an evidentiary hearing, contained in the same motion (ECF No. 12), will be denied without prejudice. There does not appear to be a need for an evidentiary hearing and the interests of justice do not require appointment of counsel at this time.

[2] In his state post-conviction petition, Gibbs raised the following claims: 1) the trial court improperly granted a postponement; 2) counsel provided ineffective assistance; and 3) the prosecutor engaged in misconduct. Petition, ECF No. 1 at 6; see also ECF No. 10, Exhibit 1 at 2-3 and 7.

[3] Gibbs's claims of prosecutorial misconduct and ineffective assistance are presented with little, if any factual

Respondent initially filed a limited response seeking dismissal of the petition for failure to exhaust state court remedies. ECF No. 7. Respondent subsequently filed a supplemental response (ECF No. 10) after the Circuit Court for Baltimore City issued its decision denying state post-conviction relief. ECF No. 10, Exhibit 1. In light of the state post-conviction court's ruling, respondent asserts Gibbs's "primary" claim is moot and the remaining claims should be dismissed for lack of exhaustion. ECF No. 10, Exhibit 6 and Supplemental Answer at 2, ¶ 3.

Issuance of a decision on Gibbs' state post-conviction petition has provided the relief Gibbs was seeking as to his first claim, an adjudication of his state petition. Consequently, this court shall deem that claim moot and it will be dismissed. The court will grant Gibbs's pending Motion to Expand the Record (ECF No. 12) in regard to his remaining claims of prosecutorial misconduct and ineffective assistance of counsel.[4] Gibbs shall file additional materials within thirty days. Respondent shall file response thirty days thereafter, addressing the merits of the remaining claims as appropriate. A separate order consistent with this memorandum follows.

1/2/13
Date

James K. Bredar
United States District Judge

---

allegations in support. Mindful that Gibbs is a self-represented litigant, the court has endeavored to construe his pleadings liberally.

[4] Gibbs is reminded that counsel will send him copies of all materials respondent files in this case. Gibbs need not resubmit documents already part of the court record.