FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT 24 P 3: 39

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GILBERT GIBBS, # 310639 <br> a/k/a Warren Ivory <br> Petitioner | * <br> * |
| v | *    Civil Action Case No. JKB-11-2273 |
| STATE OF MARYLAND <br> Respondent | * |

## MEMORANDUM

Gilbert Gibbs (hereinafter Gibbs), who is also known as Warren Ivory, is petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to challenge his convictions in 2002 in the Circuit Court for Baltimore City for attempted second-degree murder and related offenses. ECF No. 1. Respondents answered (ECF No. 8 and 10), requesting dismissal of the petition for lack of exhaustion of state court remedies and Gibbs replied. ECF No. 9.

In his petition, filed on August 11, 2011, Gibbs acknowledged that he had yet to exhaust his state court remedies, but asserted he should be excused from the exhaustion requirement due to the state court's delay in ruling on his pending state post-conviction proceeding. ECF No. 1, pp. 1-5, 28; *see also* ECF No. 4 at 18. ECF No. 10, Exhibit 6. On December 29, 2011, the post-conviction court denied Gibbs post-conviction relief. ECF No. 10, Exhibit 6. On January 2, 2013, the undersigned dismissed Gibbs' claim that he is unlawfully in custody due to state court delay in adjudicating his post-conviction proceedings as moot, and granted Gibbs' request to expand the record as to his prosecutorial misconduct and ineffective assistance of counsel claims. ECF No. 14. Gibbs later moved for an extension and was granted until March 29, 2013, to expand the record. ECF No. 37.[1]

---

[1] The extension order (ECF No. 16) was resent to Gibbs with his alias added to the address after the order was returned with the transmittal envelope marked that the identification number and name of addressee did not match. ECF No. 17. The second mailing was not returned to the Clerk, and is presumed to have been delivered to Gibbs.

The deadline for submission has long elapsed without submission of additional pleadings or exhibits and without further inquiry from Gibbs. There is no record that Gibbs has filed an application for leave to appeal the denial of his post-conviction petition to the Court of Special Appeals of Maryland. See Md. Code Ann., Crim. Pro. Art. §§ 7–101 et seq.[2] Consequently, the claims remain unexhausted and the petition will be dismissed.

In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Gibbs does not satisfy this standard, and the court declines to issue a COA. A separate order shall be entered reflecting this decision.

DATED this 29 day of October, 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

---

[2] The Maryland Judiciary Case Search does not show an application for leave to appeal was filed. See hhttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=201274031&loc=69&detailLoc=DSK8.

2